**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1807**

─────────────

VILMA ESTELA GUARDADO-ALVARENGA; C.M.C.G.,

        Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  June 6, 2024                                      Decided:  July 10, 2024

─────────────

Before GREGORY and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Tamara L. Jezic, JEZIC & MOYSE, LLC, Wheaton, Maryland, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Erica B. Miles, Assistant Director, Christopher G. Gieger, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vilma Estela Guardado-Alvarenga and her minor daughter, natives and citizens of Honduras, petition for review of the order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have reviewed the record and the Board's order and conclude that substantial evidence supports the denial of asylum and withholding of removal. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (stating standard of review). We also conclude that there was no error in the Board's finding that the IJ did not clearly err in deciding that the Petitioners did not show that the Honduran government was unable or unwilling to protect them from the private actors they feared. *See Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (stating burden on applicant when private actor is source of persecution or fear of persecution). We further conclude that substantial evidence supports the denial of CAT protection and there was no legal error in the Board's analysis. *See Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (stating standard of review). Lastly, we conclude that there was no error in the denial of the minor daughter's applications for relief. Her request for relief depended solely on her mother's evidence.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2